

# IN THE
# TENTH COURT OF APPEALS

## No. 10-15-00032-CR

**DAMON LAVELLE ASBERRY,**

**Appellant**

**v.**

**THE STATE OF TEXAS,**

**Appellee**

### From the 54th District Court
### McLennan County, Texas
### Trial Court No. 2007-1625-C2A

## O R D E R

On February 12, 2015, the Court issued a letter requesting a response from appellant addressing the jurisdiction of the Court over this appeal. The Court expressed a concern about whether it had jurisdiction because there did not appear to be an appealable order from which an appeal was authorized.

SUMMARY OF FACTS

Appellant was originally charged in the 54th District Court of McLennan County, Texas, in Cause Number 2007-1625-C2, with the offense of capital murder. He

was convicted and sentenced to life in prison on June 13, 2008. Appellant took his direct appeal from the conviction and sentence to this Court, which was unsuccessful. *Asberry v.* State, No. 10-08-00237-CR, 2009 Tex. App. LEXIS 8512 (Tex. App.—Waco Nov. 4, 2009), *aff'd*, No. PD-0257-10, 2011 Tex. Crim. App. Unpub. LEXIS 101 (Tex. Crim. App., Feb. 16, 2011).

According to appellant, a Post-Conviction Request for DNA testing pursuant to Chapter 64 of the Texas Code of Criminal Procedure was filed on or about June 12, 2013. On September 13, 2013, the District Court made findings of fact, and entered an Order requiring the testing of certain items by the Texas Department of Public Safety. The Department tested the evidence and issued a report on October 21, 2014.

A hearing was subsequently held to consider the results of testing, and the trial court entered findings-of-fact on January 15, 2015, and concluded that the results would not have produced a different result if they had been presented at the original trial. It is those findings-of-fact that is the basis of this appeal.

JURISDICTION OVER APPEAL

There are two separate decisions a trial court can make under Chapter 64. The first decision is whether to order testing. That decision is made under article 64.03. Pursuant to subsection (a)(2)(A), testing should be ordered if the defendant can establish by a preponderance of the evidence that he "would not have been convicted if exculpatory results had been obtained through DNA testing." TEX. CODE CRIM. PROC.

ANN. art. 64.03(a)(2)(A) (West 2006). If testing is ordered, then the trial court must make an additional finding under article 64.04. After holding a hearing, the trial court must determine whether "had the results been available during the trial of the offense, it is reasonably probable that the person would not have been convicted." *Id*. art. 64.04.

Appellant suggests any question about the jurisdiction of this Court to review the trial court's decision under article 64.04 was answered in *Whitfield v. State*, 430 S.W.3d 405 (Tex. Crim. App. 2014). There, the Court of Criminal Appeals held that the court of appeals had jurisdiction to consider the appeal of a trial court's unfavorable findings under article 64.04. *See id*. at 409.

On January 15, 2015, the trial court made findings that were not favorable to appellant under article 64.04, and appellant seeks review of those findings. Pursuant to *Whitfield*, this Court has jurisdiction to do so. Having determined that we have jurisdiction of this appeal, it will proceed on the normal appellate timetable for such appeals.

PER CURIAM

Before Chief Justice Gray,
    Justice Davis, and
    Justice Scoggins
Order issued and filed March 19, 2015

